Reese, J.
delivered the opinion of the court.
The complainant files her bill to have dower assigned her in a tract of land upon which her late husband, James Thompson, resided at the time of his death, and upon which she still resides. The husband of complainant in his life time made a contract of purchase of the land in question from one Wheelock for the sum of five hundred and fifty dollars, four hundred and upwards of which he paid to Wheelock, and the balance he agreed to pay to one Allen, to whom Wheelock had given a mortgage or deed of trust upon the land, and Wheelock executed a covenant to Thompson to convey the land when the balance of the consideration should be paid. The balance was not paid, and Allen was about to sell the land to satisfy his demand. Upon this state of the case Thompson procured Cochran to advance to Allen the sum of $116 62J, and the debt to Allen was paid, and the deed of trust or mortgage was assigned to Cochran by Allen; and further to secure Cochran for his advance of money to Allen, Thompson caused and procured Wheelock to convey by deed the land to Cochran, and Cochran executed the defeasance set forth in the bill. The legal title is, therefore, by virtue of this deed, to say nothing of the assignment ofthe mortgage, in Cochran, and the equitable title in the heirs of Thompson, subject to the charge upon the land for the$116 62 J advancedby Cochran. It is obvious,therefore, that the widow of Thompson, the complainant, cannot have dower assigned to her without paying the money so secured to Cochran. But she is entitled to dower upon this being done, and if it be not done, she is entitled to have the land sold for *75 the payment of the debt, and to be endowed of one-third of'the money arising from such sale after the payment of the debt.
Such it seems to us are the clear rights of the parties. The record has been encumbered with voluminous and inconclusive testimony on the subject of the alledged insanity of Thompson at the time of these transactions. There was, as it seems, no fraud on the part of Cochran. All that he did was for the benefit of Thompson, and he obtained no advantage, but a security for his money, in doing which he violated no principle of justice or equity.
The Chancellor took this view of the subject, and we affirm his decree.